**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND | ) | |
| BOARD OF TRUSTEES, | ) | |
| CENTRAL LABORERS' WELFARE FUND | ) | |
| BOARD OF TRUSTEES, | ) | |
| CENTRAL LABORERS' ANNUITY FUND | ) | |
| BOARD OF TRUSTEES, and | ) | |
| BARRY McANARNEY, | ) | |
|       Plaintiffs, | ) | |
| | ) | **08 C 965** |
|   v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| MASONRY STRUCTURES, INC., | ) | |
| an Illinois corporation, | ) | |
| MICHAEL DALLESASSE, individually, and | ) | |
| WEAVER CONSTRUCTION INC., | ) | |
| an Illinois corporation, | ) | |
|       Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by and through their attorneys, Daley and George, Ltd., pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, complaining against Defendants MASONRY STRUCTURES, INC., MICHAEL DALLESASSE, and WEAVER CONSTRUCTION INC., for their amended complaint allege as follows:

### COUNT I
### (ERISA COLLECTION / MASONRY STRUCTURES, INC.)

1.    This action arises out of the violation of a contract between an employer and a labor organization, and Plaintiffs seek to enforce the contract to obtain contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the

Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more fully described below.  Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2.     The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union").  The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws.  The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements").  The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

3.     CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of:  Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive.  Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill.  Plaintiff BARRY McANARNEY is the Executive Director of the Funds.  All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

4.      The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5.      CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

6.      MASONRY STRUCTURES, INC. is an Illinois corporation doing business in the Northern District of Illinois.  MASONRY STRUCTURES, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

7.      MASONRY STRUCTURES, INC. became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more agreements, including a memorandum of agreement entered into on or about November 3, 1998 (collectively, the "Memorandum of Agreement"; signature page attached as Exhibit A.)    MASONRY STRUCTURES, INC. has never terminated the agreements and they remain in effect.

8.      MASONRY STRUCTURES, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

9.      MASONRY STRUCTURES, INC. became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements with the Funds.

10.      MASONRY STRUCTURES, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it submitted to the Funds.

11.      MASONRY STRUCTURES, INC. became a party to and bound by the Trust Agreements (and has acknowledged, admitted, and ratified the same) by submitting employer contribution report forms to the Funds and by making (some but not all) required employee benefit

contributions to the Funds.

12.     Under the terms of the Collective Bargaining Agreement and Trust Agreements, MASONRY STRUCTURES, INC. is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

13.     In or about March 2007, the Funds conducted an audit of MASONRY STRUCTURES, INC. for the period April 1, 2006 through December 31, 2006.  A copy of that audit is attached as Exhibit B.  The audit revealed that MASONRY STRUCTURES, INC. failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement:

**Audit Liabilities (04/01/06 – 12/31/06):** ............................... **$2,065.94**

**Total:     $2,065.94**

14.     Audit costs, for which MASONRY STRUCTURES, INC. is liable in accordance with the Trust Agreements, total not less than $593.75.

15.     Based on employer reports, MASONRY STRUCTURES, INC. additionally failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement:

**Delinquent Contributions (07/06 – 11/06):** ........................ **$22,421.55**

**Total:     $22,421.55**

16.     The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

17.     Because contributions were not paid when due, MASONRY STRUCTURES, INC. incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

**Audit Liabilities (04/01/06 – 12/31/06):**........................................$206.59
**Delinquent Contributions (07/06 – 11/06):**.........................**$2,242.16**
                                        **Total:**     **$2,448.75**

18.     The total amount owed by MASONRY STRUCTURES, INC. pursuant to the Trust Agreements is not less than **$13,883.01**, consisting of not less than $2,065.94 in audit liabilities (i.e., delinquent fringe benefit contributions), $22,421.55 in delinquent fringe benefit contributions; $593.75 in audit costs, $2,448.75 in late payment penalties, plus a credit for payments in the amount of $13,646.98.

19.     MASONRY STRUCTURES, INC. has failed and refused to pay the amount of $13,883.01 due Plaintiffs.

20.     Plaintiffs have complied with all conditions precedent in bringing this suit.

21.     The Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of MASONRY STRUCTURES, INC.

WHEREFORE, Plaintiffs respectfully request that:

A.     Judgment be entered against MASONRY STRUCTURES, INC. in favor of Plaintiffs.

B.     MASONRY STRUCTURES, INC. be ordered to pay Plaintiffs $13,883.01, plus any additional amount shown to be due pursuant to any subsequent audit.

C.     MASONRY STRUCTURES, INC. be ordered and specifically required to perform and continue to perform all obligations it has undertaken.

D.      MASONRY STRUCTURES, INC. be ordered to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.      Plaintiffs be granted such other and further relief as the Court may deem just.

## COUNT II
### (ERISA AUDIT – – MASONRY STRUCTURES, INC.)

1. - 21.        Plaintiffs reallege paragraphs 1 - 21 of Count I.

22.     Pursuant to the provisions of ERISA, the Collective Bargaining Agreement, and the Trust Agreements, MASONRY STRUCTURES, INC. is required to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

23.     Upon information and belief, MASONRY STRUCTURES, INC. has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements to which it is bound, all in violation of its contractual and statutory obligations.

24.     MASONRY STRUCTURES, INC. has failed and refused to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

25.     Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of MASONRY STRUCTURES, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment against MASONRY STRUCTURES, INC. in favor of Plaintiffs.

B.      Order MASONRY STRUCTURES, INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.    Order MASONRY STRUCTURES, INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.    Order MASONRY STRUCTURES, INC. to perform and continue to perform all obligations it has undertaken with respect to the Funds.

E.    Order MASONRY STRUCTURES, INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.    Grant Plaintiffs such other and further relief as the Court may deem just.

## COUNT III
## (AGAINST MICHAEL DALLESASSE)

1.    This Count I arises from a common nucleus of operative facts with Count I and is pendent to that count.

2. - 22.    Plaintiffs reallege paragraphs 1 - 21 of Count I.

23. - 26.    Plaintiffs reallege paragraphs 22 - 25 of Count II.

Breach of Contract / Trust Agreements

27.    Plaintiffs are advised and believe that MICHAEL DALLESASSE is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of MASONRY STRUCTURES, INC. and is in control of the corporation.  Further, Plaintiffs are advised and believe that MICHAEL DALLESASSE is a director of MASONRY STRUCTURES, INC.

28.    Pursuant to the Memorandum of Agreement to which MASONRY STRUCTURES, INC. agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

29.    Pursuant to the Trust Agreements establishing the Funds, to which MASONRY STRUCTURES, INC. and MICHAEL DALLESASSE agreed to be bound, where there is any

7

willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

30.    Plaintiffs are informed and believe that MICHAEL DALLESASSE did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the Trust Agreements and the Collective Bargaining Agreement, making MICHAEL DALLESASSE personally liable for the money owed to the Funds by MASONRY STRUCTURES, INC.

Fraud

31.    MICHAEL DALLESASSE, acting through and in conjunction with MASONRY STRUCTURES, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, MICHAEL DALLESASSE, was defrauding the Funds, the Union and the company's employees. By engaging in such fraud and conspiracy, MICHAEL DALLESASSE is personally liable for the money owed to the Funds by MASONRY STRUCTURES, INC.

Conversion

32.    MICHAEL DALLESASSE, acting through and in conjunction with MASONRY STRUCTURES, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, MICHAEL DALLESASSE was converting the assets of the Funds, the Union and the company's employees. By engaging in such conversion and conspiracy, MICHAEL

DALLESASSE is personally liable for the money owed to the Funds by MASONRY STRUCTURES, INC.

Breach of Fiduciary Duty

33.     MICHAEL DALLESASSE, acting through and in conjunction with MASONRY STRUCTURES, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, MICHAEL DALLESASSE assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility, making him personally liable for the money owed to the Funds by MASONRY STRUCTURES, INC.

34.     All fringe benefit contributions not paid by MASONRY STRUCTURES, INC. when due became assets of the Funds within the meaning of 29 U.S.C. § 1002(21)(A). In exercising authority and control over such assets MICHAEL DALLESASSE assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility by failing to cause MASONRY STRUCTURES, INC. to remit required contributions, making him personally liable for the money owed to the Funds by MASONRY STRUCTURES, INC.

Piercing the Corporate Veil

35.     There is a unity of interest and ownership between MASONRY STRUCTURES, INC. and MICHAEL DALLESASSE such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making MICHAEL DALLESASSE personally liable for the money owed to the Funds by MASONRY STRUCTURES, INC.

WHEREFORE, Plaintiffs respectfully request that:

A.      Judgment be entered against MICHAEL DALLESASSE, individually, in favor of Plaintiffs.

B.      MICHAEL DALLESASSE be ordered to pay Plaintiffs $13,883.01, plus any additional amount shown to be due.

C.      MICHAEL DALLESASSE be ordered to provide access to the records of MASONRY STRUCTURES, INC. so that an audit can be performed to determine whether MASONRY STRUCTURES, INC. has complied with contribution requirements.

D.      MICHAEL DALLESASSE be ordered to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

E.      MICHAEL DALLESASSE be ordered to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.      MICHAEL DALLESASSE be ordered to pay punitive damages.

G.      Plaintiffs be granted such other and further relief as the Court may deem just.


## COUNT IV
### (ERISA COLLECTION – WEAVER CONSTRUCTION INC.)

1. - 21.      Plaintiffs reallege paragraphs 1 - 21 of Count I.

22.      WEAVER CONSTRUCTION INC. is an Illinois corporation doing business in the Northern District of Illinois.  WEAVER CONSTRUCTION INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

23.      WEAVER CONSTRUCTION INC. became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more collective bargaining agreements and memorandum agreements, including but not limited to agreements executed on April 14,

2005 (collectively, the "Memorandum of Agreement").  Copies of the signature pages of the agreements are attached as Exhibit C.

24.    WEAVER CONSTRUCTION INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

25.    WEAVER CONSTRUCTION INC. became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements with the Funds, including but not limited to an agreement executed on April 13, 2005 (collectively, the "Participation Agreement").  A copy of the participation agreement is attached as Exhibit D.

26.    WEAVER CONSTRUCTION INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it submitted to the Funds.

27.    WEAVER CONSTRUCTION INC. became a party to and bound by the Trust Agreements (and has acknowledged, admitted, and ratified the same) by submitting employer contribution report forms to the Funds and by making (some but not all) required employee benefit contributions to the Funds.

28.    Under the terms of the Collective Bargaining Agreement and Trust Agreements, WEAVER CONSTRUCTION INC. is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

29.    Upon information and belief, and at all times material to this complaint, MASONRY STRUCTURES, INC. and WEAVER CONSTRUCTION INC. have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers,

personnel, supervision, and ownership.

30.    Based on their nature and activities as alleged in Paragraph 29 above, MASONRY STRUCTURES, INC. and WEAVER CONSTRUCTION INC. constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer. WEAVER CONSTRUCTION INC. is therefore liable for breaches of the Memorandum of Agreement and the Trust Agreements by MASONRY STRUCTURES, INC.

31.    Additionally,    MASONRY    STRUCTURES,    INC.    and    WEAVER CONSTRUCTION INC. are affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership. MASONRY STRUCTURES, INC. and WEAVER CONSTRUCTION INC. constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer. WEAVER CONSTRUCTION INC. is therefore liable for breaches of the Memorandum of Agreement and the Trust Agreements by MASONRY STRUCTURES, INC.

32.    The total amount owed by WEAVER CONSTRUCTION INC. pursuant to the Trust Agreements is not less than $13,883.01.

33.    WEAVER CONSTRUCTION INC. has failed and refused to pay the amount of $13,883.01 due Plaintiffs.

34.    Plaintiffs have complied with all conditions precedent in bringing this suit.

35.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from WEAVER CONSTRUCTION INC.

WHEREFORE, Plaintiffs respectfully request that:

A.    Judgment be entered against WEAVER CONSTRUCTION INC. in favor of Plaintiffs.

B.    WEAVER CONSTRUCTION INC. be ordered to pay Plaintiffs $13,883.01, plus any additional amount shown to be due.

C.    WEAVER CONSTRUCTION INC. be ordered and specifically required to perform and continue to perform all obligations it has undertaken.

D.    WEAVER CONSTRUCTION INC. be ordered to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.    Plaintiffs be granted such other and further relief as the Court may deem just.

## COUNT V
### (ERISA AUDIT – – WEAVER CONSTRUCTION INC.)

1. - 35.    Plaintiffs reallege paragraphs 1 - 35 of Count IV.

36.    Pursuant to the provisions of ERISA, the Collective Bargaining Agreement, and the Trust Agreements, WEAVER CONSTRUCTION INC. is required to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

37.    Upon information and belief, WEAVER CONSTRUCTION INC. has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements to which it is bound, all in violation of its contractual and statutory obligations.

38.    WEAVER CONSTRUCTION INC. has failed and refused to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

39.    Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of WEAVER CONSTRUCTION INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment against WEAVER CONSTRUCTION INC. in favor of Plaintiffs.

B.      Order WEAVER CONSTRUCTION INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.      Order WEAVER CONSTRUCTION INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.      Order WEAVER CONSTRUCTION INC. to perform and continue to perform all obligations it has undertaken with respect to the Funds.

E.      Order WEAVER CONSTRUCTION INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.      Grant Plaintiffs such other and further relief as the Court may deem just.


                                    Respectfully submitted,
                                    CENTRAL LABORERS' PENSION FUND BOARD OF
                                    TRUSTEES, CENTRAL LABORERS' WELFARE FUND
                                    BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY
                                    FUND BOARD OF TRUSTEES, and BARRY McANARNEY

                            By: _____
                                    One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois  60603
(312) 726-8797


                                    14

TO :
FROM

8.    This Agreement shall remain in full force and effect through April 30, 2000, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations.  The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures.  The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this ___3___ day of _Nov._ 19_98_.

ACCEPTED:

LABORERS' LOCAL UNION NO. _109_

BY: _David a Taylor_
(Business Manager)


NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _John F Penn_
(Business Manager)


_Masonry Structures_

X BY: _Todd Brown_ (V.P.)
(Name & Title)

_P.O. Box 52_
(Address)

_Batavia Ill 60510_
(City, State & Zip Code)

_630-879-5040_
(Telephone Number)

_630-879-5065_
(Facsimile Number)

_____
(Federal Employer Identification Number)

EXHIBIT
A

**STATEMENT OF ADDITIONAL**
**REPORTABLE HOURS DUE FOR**
**MASONRY STRUCTURES**
**FOR THE PERIOD**
**APRIL 1, 2006 TO DECEMBER 31, 2006**



RECEIVED
MAY 2 2007

EXHIBIT
B



ROMOLO
& ASSOCIATES

Certified Public Accountants

2428 N. North • Peoria, IL 61604
E-mail: admin@romolocpa.com • Phone 309.682.2001 • Fax 309.682.2045

## *Independent Accountants' Report On Applying Agreed-Upon Procedures*

To the Delinquency Committee
of Central Laborers' Pension,
Welfare and Annuity Funds
Jacksonville, Illinois

At your request we have applied certain agreed upon procedures specified by Central Laborers' Fringe Benefit Funds as described in the attached supplement, to the selected payroll and related records of Masonry Structures (the Employer) who has agreed to submit their records for the period April 1, 2006 to December 31, 2006. These procedures were designed to determine if the data submitted by the Employer is in compliance with the reporting provisions of the Central Laborers' Pension, Welfare and Annuity Funds Trust Agreements. This engagement to apply agreed-upon procedures was performed in accordance with standards established by the American Institute of Certified Public Accountants. The sufficiency of the procedures is solely the responsibility of the specified users of the report. Consequently, we make no representation generally regarding the sufficiency of the procedures described in the attached supplement either for the purpose for which this report has been requested or for any other purpose.

Because the procedures described in the supplement do not constitute an audit made in accordance with generally accepted auditing standards, we do not express an opinion on any of the accounts or items referred to in this report.

In connection with the above procedures, certain matters came to our attention that caused us to believe that additional Employer contributions, as shown in the summary of amounts due, were due to the Funds in the amount of $2,065.94.

Had we performed additional procedures or had we performed an audit of the financial statements in accordance with generally accepted auditing standards, other matters might have come to our attention that would have been reported to you. This report relates only to the items specified above and does not extend to any financial statements of the Employer taken as a whole.

This report is intended solely for the information of the Employer and the Central Laborers' Pension, Welfare and Annuity Funds and should not be used by those who have not agreed to the procedures and taken responsibility for the sufficiency of the procedures for their purposes.

Romolo & Associates
Certified Public Accountants
May 1, 2007

## SUPPLEMENT FOR AGREED UPON PROCEDURES

1.     Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

2.     Obtained access to some or all of the following accounting records from the Employer:

   *     Payroll registers
   *     Individual earnings records
   *     State unemployment tax Forms, UC-3s
   *     Federal payroll tax Forms 941s, 940s, and/or W-2s
   *     Other trades fringe benefit reports
   *     The monthly remittance reports for your Fund
   *     Job cost records

3.     To determine that we were provided with the entire payroll we performed the following procedure:

   *     Agreed gross wages per the Employer's payroll records to its payroll tax returns on a test basis.

4.     In order to determine that all hours for covered work were properly reported to the Funds we performed the following procedures on a test basis for some or all of the employees:

   *     Determined classifications of employees and union affiliation.
   *     Compared hours worked by covered employees to the hours reported on the Employer's monthly remittance reports.
   *     Reported all hours, if applicable, as due for any employee whose occupation could not be determined.
   *     Calculated hours worked by dividing gross wages by the applicable union wage rate.

5.     Reviewed findings with the Employer Representative at the conclusion of our procedures and discussed possible delinquencies.

## Masonry Structures

### TOTAL SUMMARY OF AMOUNTS DUE

| | April 1, 2006 | To | December 31, 2006 | | | 2006 | | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| PENSION | | | | | | $ | 631.61 | $ | 631.61 |
| WELFARE NC | | | | | | $ | 693.23 | $ | 693.23 |
| WELFARE NI | | | | | | $ | 58.07 | $ | 58.07 |
| ANNUITY NI | | | | | | $ | 355.50 | $ | 355.50 |
| TRAINING | | | | | | $ | 71.10 | $ | 71.10 |
| LECET NC | | | | | | $ | 14.22 | $ | 14.22 |
| MRFFC NC | | | | | | $ | 11.85 | $ | 11.85 |
| ORG NC | | | | | | $ | 9.48 | $ | 9.48 |
| MKT P* NC | | | | | | $ | 3.56 | $ | 3.56 |
| VACATION NC | | | | | | $ | 124.43 | $ | 124.43 |
| GROSS WAGES | | | | | | $ | 92.89 | $ | 92.89 |
| | | | | | | | | | |
| TOTAL DUE | | | | | | $ | 2,065.94 | $ | 2,065.94 |

## Masonry Structure 07 CLPWAF
## Unreported Regular Hours
### For period 1/1/2006 - 12/31/2006
### Local: 32

**MCGINNIS, MICHAEL**
415293597

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unreported Regular Hours | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 118.50 | 0.00 | 0.00 | 0.00 | 118.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $631.61 | $0.00 | $0.00 | $0.00 | $631.61 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $693.23 | $0.00 | $0.00 | $0.00 | $693.23 |
| WELFARE NI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $58.07 | $0.00 | $0.00 | $0.00 | $58.07 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $355.50 | $0.00 | $0.00 | $0.00 | $355.50 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $71.10 | $0.00 | $0.00 | $0.00 | $71.10 |
| LECET NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $14.22 | $0.00 | $0.00 | $0.00 | $14.22 |
| MRRFC NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $11.85 | $0.00 | $0.00 | $0.00 | $11.85 |
| ORG NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $9.48 | $0.00 | $0.00 | $0.00 | $9.48 |
| MKT P* NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3.56 | $0.00 | $0.00 | $0.00 | $3.56 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $124.43 | $0.00 | $0.00 | $0.00 | $124.43 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,973.05 | $0.00 | $0.00 | $0.00 | $1,973.05 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 0.000 | 0.000 | 0.000 | 0.000 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | |
| WELFARE NC | 0.000 | 0.000 | 0.000 | 0.000 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | |
| WELFARE NI | 0.000 | 0.000 | 0.000 | 0.000 | 0.490 | 0.490 | 0.490 | 0.490 | 0.490 | 0.490 | 0.490 | 0.490 | |
| ANNUITY NI | 0.000 | 0.000 | 0.000 | 0.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | |
| TRAINING | 0.000 | 0.000 | 0.000 | 0.000 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | |
| LECET NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| MRRFC NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | |
| ORG NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | |
| MKT P* NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | |
| VACATION NC | 0.000 | 0.000 | 0.000 | 0.000 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | |

## Masonry Structure 07 CLPWAF
### Unreported Gross Wages
### For period 1/1/2006 - 12/31/2006
### Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **MCGINNIS, MICHAEL** 415298597 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,858.22 | $0.00 | $0.00 | $0.00 | $2,858.22 |
| Unreported Total Gross Wage | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,858.22 | $0.00 | $0.00 | $0.00 | $2,858.22 |
| **Amounts Due** | | | | | | | | | | | | | |
| Working Dues | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $92.89 | $0.00 | $0.00 | $0.00 | $92.89 |
| Total Liability | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $92.89 | $0.00 | $0.00 | $0.00 | $92.89 |
| **Rates** | | | | | | | | | | | | | |
| Working Dues | 0.00% | 0.00% | 0.00% | 0.00% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | |

For Northern Illinois Building Contractors' Association, Inc.

By _____    Date _____

For Great Plains Laborers' District Council

By _____    Date _____

For Laborers' Locals #32 & 727

Local #32 _____    Date _____

Local #727 _____    Date  4/13/04

For The Contractors:

Contractor's Name  _Weaver Construction_

Address  _1853 Dovetail Ln_

City  _Sycamore_    State  _IL_    Zip  _60178_

Telephone No.  _815-895-0009_

Fax No.  _____

Signature  _____    Title  Vice President

Date  _4/14/04_

-13-



EXHIBIT
C

✆003/003

7.    The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.    This Agreement shall remain in full force and effect through April 30, 2006, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _____ day of 4 - 14 , 20 05 .

ACCEPTED:

LABORERS' LOCAL UNION NO. ___32___

BY: _____
(Business Manager)
Field Rep

GREAT PLAINS LABORERS'
DISTRICT COUNCIL

BY: _____
(Business Manager)

Weaver Construction
(Contractor Name)

BY: Tom Weaver  VP
(Name & Title)

1853 Dovetail Ln
(Address)

Sycamore IL 60178
(City, State & Zip Code)

815 - 895 - 0009
(Telephone Number)

815 - 899 - 9065
(Facsimile Number)

_____
(Federal Employer Identification Number)



-3-

# PARTICIPATION AGREEMENT

13341

1. This Participation Agreement is entered into between **Weaver Construction** _____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | |
|---|---|---|
| **5.33** per hour to Central Laborers' Pension Fund | **.28** per hour to Industry Advancement Fund | |
| **5.00** per hour to **NCIL Health &** Welfare Fund | **3.25%** Working Dues (% ~~of gross wages~~) **of gross wages** | |
| **2.17** per hour to **No. Ill.** Annuity Fund | **.12 per hr** ECET | |
| **.50** per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | **1.05 per hr** Vacation | |
| **.10 per hr** MRFFC | **.08 per hr** Other **Organizational Fund** | |
| | **.03 per hr** Other **Market Promotion** | |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**

Weaver Construction
Name of Business

1853 Dovetail Pt.
Address

Sycamore, IL 60178
City/State/Zip Code

(815) 895-0009  (815) 739-5206
Telephone

Ian Weaver
Authorized Signature

Vice president
Title

4/13/05
Date

**CENTRAL LABORERS' FUNDS**

Authorized Signature
Executive Director
Title

**UNION**

Territory in which Agreement signed: Local **32**

Authorized Signature

Field Rep.
Title

4/13/05
Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

2

APR 2005

EXHIBIT
D